SCHOOL TOWN OF MILLTOWN, CRAWFORD COUNTY, INDIANA *v.* ADAMS

[No. 17,459.   Filed March 28, 1946.]

*William F. Dudine,* of Jasper, *Samuel A. Lambdin,* of English, and *C. Bliss Eskew,* of Corydon, for appellant.

*Tucker & Tucker,* of Paoli, *Kenneth Luckett,* of English, and *Hammond, Buschmann & Roll,* of Indianapolis, for appellee.

CRUMPACKER, J.—The appellee is, and was at all times involved in this controversy, duly licensed to teach in the public schools of Indiana. On July 25, 1939, he entered into a written contract with the School Town of Milltown, Crawford County, Indiana, the pertinent parts of which read as follows:

"THIS CONTRACT BETWEEN

"Milltown School or School Town, Crawford County, Indiana, hereinafter called employer and Carter L. Adams a teacher who holds a 1st grade license, issued Aug. 15, 1938, by the Indiana State Department of Education and whose success grade of 99 per cent, was issued June, 1937.

"WITNESSETH: That in consideration of the agreements hereinafter contained said teacher agrees to teach in the Public Schools of said School City or School Township in such building, room, and such grade or grades as shall be designated by such employer, for 3 school terms of 8 months commencing on the 28th day of Aug. 1939. Said teacher agrees faithfully to perform all the duties of a Supt. in said school; . . .

"And said employer further agrees to pay the said Carter L. Adams for services as superintendent of said school corporation the sum of $1750.00 Dollars for the school year of 8 months, said sum to be paid in 8 equal payments (Monthly) during said school (calendar) year."

This agreement is written upon the official contract form prepared and adopted by the State Superintendent of Public Instruction as provided by § 28-4303, Burns' 1933, and is signed by the appellee and by Charles T. Jackson, President, Lester E. Key, Treasurer, and L. O. Dunn, who then constituted the officers and school board of the School Town of Milltown. Contending that he fully and faithfully performed his part of the above

contract the appellee brought this suit to recover the sum of $450.00 which he claims the appellant owes him for unpaid salary. The case was tried to a jury which returned a verdict for the appellee, judgment went accordingly and this appeal followed. The errors assigned and not waived challenge the sufficiency of the evidence and the legality of the verdict.

The evidence most favorable to the appellee's case tends to prove that a regular meeting of the school board of the School Town of Milltown was held in its office on June 5, 1939. This meeting was attended by Charles T. Jackson, President, Lester E. Key, Treasurer, and L. O. Dunn, who then constituted the duly chosen officers and members of the appellant school board. The minutes of the meeting contained the following entry: "The Board voted unanimously to give Carter L. Adams a 3 year contract as Supt. of Milltown Schools at Milltown, Ind. beginning with Sept. 1939 and ending July 31, 1942 at $1750.00 per year." To effectuate such employment the contract in suit was executed in the manner and at the time we have heretofore indicated. The appellee entered upon his duties as "Supt. of Milltown Schools" in September of 1939 and continued in the performance of his contract until the date of its expiration at the close of the school year 1941-1942. There is no evidence that his duties were not ably and faithfully performed and no contention to that effect is made. During the first year of his employment he was paid $1750.00, the second year $1380.00, and the third year $1580.00. The money he received each year was paid to him in 8 monthly installments through checks issued by the appellant and after the first year of his employment he endorsed the same as follows: "Accepted as part payment on salary due. Carter L. Adams."

Although the evidence on the subject is meager, what there is of it indicates that the school in which the appellee taught was a joint school operated by Whiskey Run School Township, Crawford County, Indiana, and the appellant. At the time the contract in suit was authorized, and when it was later executed, one Kenneth W. Boldt was the duly elected and acting trustee of Whiskey Run Township. Boldt did not attend the board meeting of June 5, 1939, when the employment of the appellee was decided upon nor did he sign the contract evidencing such employment. He learned of such contract, however, before the appellee entered upon its performance and made no objection to his teaching in the joint school at any time during the entire life of the contract. There is no direct evidence as to how many schools the appellant owns and operates. The contract in suit refers to the "Public Schools of said School City" and the minutes of the board meeting of June 5, 1939, mentions the "Milltown schools at Milltown, Ind." From such use of the word school in the plural it can reasonably be inferred that the appellant owned and operated more than one school. Near the close of the school year of 1939-1940, one J. Harry Lemon, then a member of the appellant's school board informed the appellee that they did not consider his contract legal and in the future would allow him the minimum salary of $1380.00, to which the appellee made no reply. At a regular meeting of the appellant's school board on the first Monday of December, 1940, the appellee was asked if all bills and salaries were paid in full to which he nodded his head. At that time the appellee was being paid at the rate of $1380.00 per school year. Although there is no direct evidence on the subject we take judicial knowledge that the Town of Milltown is situated in Whiskey Run Township in Crawford County,

Indiana. This being true the operation of a joint school owned by the two school corporations, that is to say the School Township of Whiskey Run and the School Town of Milltown, is governed by § 3, ch. 58, Acts 1927, p. 152, being § 28-2637, Burns' 1933. This statute reads as follows: "Any schoolhouse constructed under the provisions of this act shall be joint property of said corporations, and such property shall be owned by such corporations in proportion to the amount paid by each for the construction of the same, and said school shall be open to all pupils residing in said town or city or township free of tuition. The trustees of said school corporations shall have the control and management of said schoolhouse and school and the right to employ teachers in such school. Neither of said corporations shall ever be deprived of its ownership in said building except upon full compensation for its proportionate interest in the same."

We construe this statute, and the act of which it is a part, to mean that any school constructed by a school town and the school township in which such school town is located, shall be under the control of a school board consisting of the township trustee of the township and the members of the school board of the school town involved. Such being the law, the appellant contends the contract in suit is necessarily void and of no binding effect on anyone because the trustee of Whiskey Run Township had no voice in its execution and the appellant, acting for itself alone, has no power to employ teachers for the joint school.

There is nothing about the contract itself that indicates that any of the signatories thereto purported to act for Whiskey Run School Township or that either the appellant or the appellee contemplated that such school township should be bound by its

terms. It designates the "Milltown School or School Township, Crawford County, Indiana," as the "employer" and makes no mention, anywhere in its contents of Whiskey Run School Township. There is nothing in the evidence that indicates that the Milltown School Town had no business independent of Whiskey Run School Township and from the minutes of the board meeting at which the contract was authorized the jury could have reasonably inferred that such meeting was that of the school board of the Milltown School Town and not of the joint board of the two school corporations. It cannot be contended that the appellant had no power or authority to employ a superintendent for its schoools and enter into a binding contract for that purpose. Having done so, the appellant cannot escape its contractual liability by assigning the appellee to teach in a school over which it exercises but a joint control. We are not concerned with the right of Whiskey Run School Township to object to such procedure because it is not, and has never sought to be, a party to this action and cannot be bound hereby. Nor are we concerned with the right of tax payers of Milltown school town to enjoin its school board from doing an alleged illegal act. The appellee was permitted to fully perform the contract without protest on the part of anyone who had a right or duty to complain and certainly, under such circumstances, the appellant will not be heard to brand its own deliberate conduct over a period of three years as unlawful and interpose the same as justification for the repudiation of its contractual obligations.

Were this an action to bind said school township and to recover jointly against it and the appellant a different question would be presented. The appellee's complaint however is drawn on the theory that he was employed solely by the appellant and that the services he per-

formed were those his contract demanded. To this complaint the appellant filed answer, the first paragraph of which was a special denial as provided by Rule 1-3. The second paragraph of answer is in the nature of an accord and satisfaction and alleges in substance that the appellee accepted less money than his contract called for with a full understanding and agreement between him and the appellant that it was in full and complete payment for his services. There was a third paragraph of answer, the nature of which does not appear in the briefs of counsel and which we cannot determine without a search of the record. This paragraph went out of the case on demurrer and the appellant has expressly waived any error in connection therewith. A fourth paragraph of answer, not briefed, apparently pleaded *non est factum* and to this a demurrer was also sustained, of which ruling the appellant makes no complaint.

We must assume therefore that the case was tried on the issues joined on the complaint and the second paragraph of answer pleading accord and satisfaction. On those issues the verdict of the jury is supported by substantial evidence, and we find no error justifying a holding that it is contrary to law.

Judgment affirmed.

NOTE.—Reported in 65 N. E. (2d) 635.